IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DONALD A. WILLIAMS,

    Plaintiff,
v.                                 CASE NO. 5:16-cv-68-MP-GRJ

WARDEN MADDOX,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections at Northwest Florida Reception Center, initiated this case by filing a *pro se*, *in forma pauperis* civil rights complaint pursuant to 42 U.S.C § 1983 and seeks leave to proceed as a pauper.  ECF Nos. 1, 2.  The Complaint is before the Court for screening pursuant to 28 U.S.C § 1915A.

Plaintiff's claims stem from the conditions of confinement at NWFRC.  Plaintiff alleges that on five dates from August 25, 2015, to January 20, 2016, he was forced to miss meals, was provided with cold meals, or was deprived of supplemental food that he is authorized to receive due to his medical status.  Plaintiff alleges that such deprivations amount to deliberate indifference to his serious medical needs.  ECF No. 1.

The Court's civil rights complaint form, which Plaintiff executed under penalty of perjury, requires prisoners to disclose their prior litigation history. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed."  ECF No. 1 at 4-5.  The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  ECF No. 1 at 4.

Plaintiff disclosed one prior federal case filed in the Southern District of Florida, Case No. 1:15-cv-22070, and stated that the case was dismissed because of "immunity."  ECF No. 1 at 4.  Plaintiff also stated that he filed a previous case in the Middle District of Florida that was dismissed

as frivolous, but provided only a partial case number. Plaintiff identified several prior state-court cases. ECF No. 1 at 4-9.

A review of the Court's PACER Case Locator reflects that, contrary to his sworn allegation, Plaintiff has filed at least two other federal cases: *Williams v. Sherman*, Case No. 1:11-cv-22746 (S.D. Fla. 9/27/11) (dismissing case for failure to state a claim upon which relief may be granted); and *Williams v. Sherman*, Case No. 1:16-cv-20568 (S.D. Fla.) (pending case; R&R entered 2/19/16 recommending that case be dismissed for failure to state a claim upon which relief may be granted). Further, the only prior Southern District case identified by Plaintiff in the Complaint, *Williams v. Sherman*, Case No. 1:15-cv-22070, was dismissed on July 15, 2015, for failure to state a claim upon which relief may be granted. Although Plaintiff disclosed the existence of this case, he failed to identify it as a case that had been dismissed for failure to state a claim. *See* ECF No. 1 at 5.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th

Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

    The Court has not ordered Plaintiff to show cause as to why this case should not be dismissed prior to recommending dismissal.  Plaintiff's denial of the existence of the other federal cases in his Complaint, including one that is currently pending, reflects a clear lack of candor.  The undersigned therefore concludes that dismissal of this case without prejudice for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of

candor.  The dismissal of this case for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g).

It is therefore respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** for abuse of the judicial process.

**IN CHAMBERS** this 10th day of March 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**