### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

DONALD A WILLIAMS,

      Plaintiff,

v.                                                CASE NO. 5:16-cv-00068-MP-GRJ

B L COMMANDER, DERRICK JOHNSON, E JONES, D MADDOX,

      Defendants.

_____/

### **O R D E R**

      This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated March 10, 2016. (Doc. 5).  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  Plaintiff has filed objections at Doc. 6.  I have made a de novo review based on those objections.

      Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted.  Plaintiff's claims stem from the conditions of confinement at NWFRC.  Plaintiff alleges that on five dates from August 25, 2015, to January 20, 2016, he was forced to miss meals, was provided with cold meals, or was deprived of supplemental food that he is authorized to receive due to his medical status. Plaintiff alleges that such deprivations amount to deliberate indifference to his serious medical needs.

      A review of the Court's PACER Case Locator reflects that, contrary to his sworn allegation, Plaintiff has filed at least two other federal cases: <u>Williams v. Sherman</u>, Case No.

1:11-cv-22746 (S.D. Fla. 9/27/11) (dismissing case for failure to state a claim upon which relief may be granted); and <u>Williams v. Sherman</u>, Case No. 1:16-cv-20568 (S.D. Fla.) (pending case; R&R entered 2/19/16 recommending that case be dismissed for failure to state a claim upon which relief may be granted).  Further, the only prior Southern District case identified by Plaintiff in the Complaint, <u>Williams v. Sherman</u>, Case No. 1:15-cv-22070, was dismissed on July 15, 2015, for failure to state a claim upon which relief may be granted. Although Plaintiff disclosed the existence of this case, he failed to identify it as a case that had been dismissed for failure to state a claim. See ECF No. 1 at 5.  He claimed it was dismissed for "immunity."  The Magistrate Judge thus recommends that the case be dismissed for abuse of the judicial process.

In his one-paragraph objection, plaintiff claimed to be "mental impaired" [sic] and that he misapprehended "what is being asked by the Courts."  However, he was able to identify one case he was involved with but failed to mention the other two, one of which was currently pending. He also misled the Court regarding the reason for the dismissal of the one case he reported, in a way that would allow him to escape the three-strikes bar.  The Court agrees with the Magistrate Judge that plaintiff's pattern of conduct showed a lack of candor rather than mental impairment.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.   This case is DISMISSED without prejudice for abuse of the judicial process.  The dismissal of this case for abuse of the judicial process operates as a "strike" pursuant to 28 U.S.C. § 1915(g).

**DONE AND ORDERED** this _19th_ day of May, 2016

 _s/Maurice M. Paul_
Maurice M. Paul, Senior District Judge